UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATM GLOBAL SYSTEMS, INC., a Florida | ) | |
| Corporation, | ) | No. 08 C 2338 |
| | ) | |
| MARK RICHMAN, individually, and as | ) | |
| officer of ATM Global Systems, Inc., and, | ) | Judge Kennelly |
| | ) | |
| NATHANIEL SEIDMAN, individually, and | ) | |
| as an officer of ATM Global Systems, Inc., | ) | |
| and doing business as GPC MARKETING, | ) | |
| LTD., | ) | |
| | ) | |
| Defendants. | | |

## AGREED MOTION TO ENTER STIPULATED JUDGMENT

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney

for the Northern District of Illinois, with the agreement of defendants in this action, requests that the

court enter the attached stipulated judgment, and in support of this motion, states as follows:

1.      On April 24, 2008, the United States filed the complaint in this action, alleging that

the defendants violated Section 5(a) of the Controlling the Assault of Non-Solicited Pornography

and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7704(a).

2.      The parties have agreed to the Stipulated Judgment and Order for Civil Penalties,

Permanent Injunction, and Other Equitable Relief ("Stipulated Judgment") attached to this motion

as Exhibit A.

3.    The United States attaches the Federal Trade Commissions reasons for settlement as

Exhibit B..

WHEREFORE, the United States, with the agreement of the defendants, requests that the

court enter the Stipulated Judgment to which the parties have agreed.


Dated: May 2, 2008                        Respectfully submitted,

OF COUNSEL:                               FOR THE UNITED STATES OF AMERICA
STEVEN M. WERNIKOFF                       JEFFREY S. BUCHOLTZ
MARISSA J. REICH                          Acting Assistant Attorney General
Federal Trade Commission                  Civil Division
55 W. Monroe St., Suite 1825              United States Department of Justice
Chicago, IL 60603
(312) 960-5634                            PATRICK J. FITZGERALD
(312) 960-5600 (facsimile)                United States Attorney
                                          Northern District of Illinois

                                          DONALD R. LORENZEN
                                          Assistant United States Attorney
                                          219 South Dearborn, 5th Floor
                                          Chicago, Illinois 60604

                                          EUGENE M. THIROLF
                                          Director,
                                          KENNETH L. JOST
                                          Deputy Director,
                                          Office of Consumer Litigation

                                          By: s/ John W. Burke
                                          JOHN W. BURKE
                                          Trial Attorney, Office of Consumer Litigation
                                          U.S. Department of Justice
                                          P.O. Box 386
                                          Washington, D.C. 20044-0386
                                          (202) 353-2001
                                          (202) 514-8742 (facsimile)
                                          josh.burke@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATM GLOBAL SYSTEMS, INC., a Florida corporation,<br><br>MARK RICHMAN, individually, and as an officer of ATM Global Systems, Inc., and<br><br>NATHANIEL SEIDMAN, individually, and as an officer ATM Global Systems, Inc., and doing business as GPC MARKETING LTD.,<br><br>Defendants. | No. 08 C 2338<br><br>Judge Kennelly |

## STIPULATED JUDGMENT AND ORDER FOR
## CIVIL PENALTIES, PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to

Section 16(a)(1) of the FTC Act ("FTC Act"), 15 U.S.C. § 56(a)(1), has filed its Complaint for

Civil Penalties, Permanent Injunction and Other Equitable Relief in this matter pursuant to

Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1),

45(m)(1)(A), 53(b), 56(a), and 57b, and Section 7(a) of the Controlling the Assault of Non-

Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or "CAN-SPAM Act"), 15

U.S.C. § 7706(a), to secure civil penalties, a permanent injunction, and other equitable relief for

Defendants' violations of Section 5(a) of CAN-SPAM, 15 U.S.C. § 7704(a).  The parties to this

9.    Settlement of this action constitutes consideration for Mark Richman and Nathaniel Seidman to stipulate to the Court's findings and entry of this Order.

10.    Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    "**Affiliate program**" means any agreement whereby any person agrees to provide Defendants with, or refers to Defendants, potential or actual customers.

2.    "**Commercial electronic mail ("commercial email") message**" means any electronic mail message which contains a commercial advertisement or promotion of a commercial product or service (including content on an Internet web site operated for a commercial purpose).

3.    "**Defendants**" means ATM Global Systems, Inc., Mark Richman, and Nathaniel Seidman.

4.    "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or non-identical copy is a separate document within the meaning of this term.

5.    "**Electronic mail ("email") address**" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered.

3

6.    **"Electronic mail ("email") message"** means a message sent to a unique electronic mail address.

7.    **"Header information"** means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

8.    **"Initiate,"** when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message. For purposes of this Order, more than one person may be considered to have initiated a message.

9.    **"Person"** means a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, or agency, or other group or combination acting as an entity.

10.    **"Procure,"** when used with respect to the initiation of a commercial email message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf. *Provided, however,* that for the purposes of this Order, Defendants have not procured the initiation of commercial electronic mail messages that violate CAN-SPAM or its implementing regulations: (1) if they have contractually prohibited affiliates from sending commercial electronic mail or, in the case of persons who are not affiliates, have not requested any such persons to send commercial electronic mail; and (2) if they have complied with the requirements set forth in Section II of this Order.

11.    **"Recipient,"** when used with respect to a commercial electronic mail message, means an authorized user of the electronic mail address to which the message was sent or delivered.  If a recipient of a commercial email message has one or more electronic mail

4

addresses in addition to the address to which the message was sent or delivered, the recipient shall be treated as a separate recipient with respect to each such address. If an electronic mail address is reassigned to a new user, the new user shall not be treated as a recipient of any commercial electronic mail message sent or delivered to that address before it was reassigned.

12.    "**Sender**" means a person who initiates a commercial email message and whose product, service, or Internet web site is advertised or promoted by the message.

13.    "**Valid physical postal address**" means a sender's current street address, a Post Office box a sender has registered with the United States Postal Service, or a private mailbox a sender has registered with a commercial mail receiving agency that is established pursuant to United States Postal Service regulations.

## ORDER

### I. PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, and employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, as currently promulgated or as it may hereafter be amended, including, but not limited to, initiating the transmission of a commercial electronic mail message that:

A.    Contains, or is accompanied by, header information that is materially false or materially misleading;

5

B.   Fails to include a clear and conspicuous notice of the recipient's opportunity to decline to receive further commercial electronic email messages from the sender at the recipient's electronic mail address;

C.   Fails to include a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that (i) a recipient may use to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial email messages from the sender at the email address where the message was received; and (ii) remains capable of receiving messages or communications for no less than 30 days after the transmission of the original message; and

D.   Fails to include the sender's valid physical postal address.

## II.   MONITORING BY DEFENDANTS FOR COMPLIANCE

**IT IS FURTHER ORDERED** that Defendants, and their successors, assigns, officers, agents, servants, and employees, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from failing to immediately take the following steps to ensure compliance with Section I of this Order:

A.   Prior to a person's participation in Defendants' affiliate program, Defendants shall require each prospective participant to provide to that Defendant their first and last name, physical address, country, telephone number, email address, and bank account information (where used to make payments to that person). In the

6

event that the prospective participant is not a natural person, but is a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, agency, or other group or combination acting as an entity, that Defendant shall also require from that prospective participant the first and last name, physical address, country, telephone number, and email address for the natural person(s) who owns, manages, or controls that prospective participant;

B.   Prior to a person's acceptance into Defendants' affiliate program, Defendants shall:

    1.   provide each prospective participant in Defendants' affiliate program a copy or summary (to be agreed upon by counsel for Defendant and the Commission) of this Order;

    2.   obtain from each prospective participant an express written agreement to comply with this Order and the CAN-SPAM Act; and

    3.   obtain from each prospective participant a signed and dated statement (which signature may be obtained electronically, provided that the signature would comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. § 7001 *et seq.*), acknowledging receipt of this Order;

C.   Defendants shall establish, implement, and maintain an email address or other Internet-based mechanism that is clearly and conspicuously disclosed on the first page consumers visits upon entering that Defendant's web site, (1) that invites visitors to report commercial email messages promoting the Defendant's web site,

7

and that permits the Defendant to connect affirmative responses, if any, to such invitation with the referring affiliate, and (ii) for receiving and responding to consumer complaints about commercial email messages;

D.    Defendants shall promptly and fully investigate any information received by Defendants regarding a commercial email message that promotes Defendants' web site(s), including but not limited to responses received pursuant to Section II.C, and complaints received from consumers, Internet Service Providers, the Commission, or other law enforcement agencies, to determine whether such commercial email message violates a contractual provision of the Defendants' affiliate program, the CAN-SPAM Act, or any provision of this Order;

E.    Defendants shall request each new subscriber to Defendants' web sites to identify the manner in which they were directed to Defendants' web sites (*i.e.*, email message, banner ad, pop-up window, etc.). If a new subscriber indicates that he or she was referred to Defendants' web sites through a commercial email message, Defendants shall promptly and fully investigate to determine whether a commercial email message was sent in violation of a contractual provision of the Defendants' affiliate program, the CAN-SPAM Act, or any provision of this Order;

F.    Defendants shall immediately terminate from all of the Defendants' affiliate programs, and cease payments to, any person who Defendants reasonably conclude has sent a commercial email message on Defendants' behalf that violates a contractual provision of Defendants' affiliate program prohibiting the

8

sending of commercial email, the CAN-SPAM Act, or any provision of this Order;

G.  On the web page where a person registers to become a member of Defendants' affiliate program, Defendant shall clearly and conspicuously disclose that a violation of the affiliate program's commercial email policy will result in immediate termination of a person's affiliate account and the forfeiture of all monies earned or owed to that person.  Such message shall also include a hyperlink to Defendants' commercial email policy if that policy is not included on the same web page; and

H.  Defendants shall include in their affiliate contract a requirement that each person who participates in Defendants' affiliate program must create, maintain, and retain the records and documents necessary to demonstrate each person's full compliance with each provision of this Order.

**Provided however,** that this Section does not authorize or require Defendants to take any action that violates any federal, state, or local law.

### III.  CIVIL PENALTIES AND RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Four Hundred Forty Two Thousand, Nine Hundred Dollars ($442,900) is hereby entered against Defendants, jointly and severally, as a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).  Based upon Defendants' sworn representations in financial statements – namely, the Financial Statement of Defendant ATM Global Systems, Inc., signed and dated October 3, 2007, and all attachments thereto; the Financial

9

Statement of Defendant Mark Richman, signed and dated November 11, 2007, and all attachments thereto; and the Financial Statement of Nathaniel Seidman, signed and dated October 3, 2007, and all attachments thereto – full payment for the foregoing civil penalty is suspended except for Seventy Five Thousand Dollars ($75,000), contingent upon the accuracy and completeness of the financial statements and information, as set forth in Subparagraphs B and C of this Paragraph.

B.    Prior to or concurrently with their execution of this Order, Defendants shall transfer Seventy Five Thousand Dollars ($75,000) to their attorney, who shall hold the entire sum for no purpose other than payment to the Treasurer of the United States after entry of this Order by the Court.  Within five (5) days of receipt of notice of the entry of this Order by the Court, Defendants' attorney shall transfer the civil penalty payment, totaling Seventy Five Thousand Dollars ($75,000), in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States.  The check or written confirmation of the wire transfer shall be delivered to: Director, Office of Consumer Litigation, U.S. Department of Justice Civil Division, P.O. Box 386, Washington, D.C. 20044.  The cover letter accompanying the check shall include the title of this litigation and a reference to DJ# 102-3454.

C.    Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of Defendants' sworn financial statements and supporting documents submitted to the Commission, which include material information upon which Plaintiff relied in negotiating and agreeing to this Order.

10

If, upon motion by Plaintiff, this Court finds that any Defendant has failed to disclose any material asset or materially misstated the value of any asset in the sworn financial statements and supporting documents, or has made any other material misstatement or omission in the financial statements and related documents, then this Order shall be reopened and suspension of the judgment against that particular Defendant shall be lifted for the purpose of requiring payment of civil penalty in the full amount of judgment ($442,900, less the sum of all amounts paid to the Treasurer of the United States pursuant to Subparagraph B of this Paragraph). *Provided, however,* that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

D.   In the event of default on the payment required to be made by this Section, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 – accrued from the date of default under the date of payment – shall be immediately due and payable.  Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

E.   Defendants shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Section if Defendants fail to pay fully the amount due at the time specified herein.  In such an event, Defendants agree to provide Plaintiff and the Commission with their

11

federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendants further authorize Plaintiff and the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

F.    Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission their taxpayer identifying number (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of such persons' relationship with the government.

## IV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.    Within twenty (20) days of receipt of written notice from a representative of the Plaintiff or Commission, Defendants each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in any Defendant's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission and Plaintiff are authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

12

1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, and 36 with respect to the Defendants and, with respect to third parties, Fed. R. Civ. P. 45; and

2.    posing as consumers and suppliers to: Defendants, any of Defendants' employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.    Defendants shall permit representatives of the Commission or Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present and any notice issued under this paragraph must inform the person to be interviewed of his or her right to have counsel present and be served at least five (5) business days in advance;

*Provided, however*, that nothing in this Order shall limit the Commission's of Plaintiff's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## V. COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order:

    1.    Defendants Mark Richman and Nathaniel Seidman shall notify the
Commission of the following:

        a.    any changes in residence, mailing addresses and telephone
numbers of such individual defendant, within ten (10) days of the
date of such change;

        b.    any changes in employment status (including self-employment) of
such individual defendant, and any change in the ownership of
such individual defendant in any business entity within ten (10)
days of such change.  Such notice shall include the name and
address of each business that the individual defendant is affiliated
with or employed by, creates or forms, or performs services for; a
statement of the nature of the business, and a statement of the
individual defendant's duties and responsibilities in connection
with the business or employment; and

        c.    any changes in the individual defendant's name or use of any
aliases or fictitious names; and

    2.    Defendants Mark Richman, Nathaniel Seidman, and ATM Global
Systems, Inc. shall notify the Commission of any changes in corporate
structure of ATM Global Systems, Inc., or any business entity an
individual defendant directly or indirectly controls, or has an ownership
interest in, that may affect compliance obligations arising under this
Order, including but not limited to a dissolution, assignment, sale, merger,

14

or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the company name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the company about which Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order, Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.    For Defendants Mark Richman and Nathaniel Seidman:

a.    The then-current residence address, mailing address, and telephone numbers of such individual defendant;

b.    The then-current employment and business addresses of such individual defendant, a description of the business activities of each such employer or business, and the title and responsibilities, for each such employer or business; and

c.    any other changes required to be reported under subparagraph A of this Section.

2.    For all Defendants:

15

a.    A copy of each acknowledgment of receipt of this Order, obtained

pursuant to Sections II and VII of this Order;

b.    Any changes required to be reported pursuant to subparagraph A

of this Section;

c.    A list that identifies every person who is marketing or promoting,

through commercial email messages, any goods or services of

Defendants since entry of this Order;

d.    A list of all names under which Defendants did or currently do

business under since entry of this Order; and

e.    A list of all domain names and web page addresses Defendants

have registered or used since entry of this Order.

C.    For purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the

Commission to:

Associate Director, Division of Enforcement
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20580
Re:    United States v. ATM Global Systems, et al.
Civ. No. 08 C 2338 (N.D. Ill.)

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by a

representative of Plaintiff, identify all written notifications required to be sent to

Plaintiff as in reference to DJ# 102-3454, and mail them to:

Director, Office of Consumer Litigation
U.S. Department of Justice – Civil Division
P.O. Box 386
Washington, D.C.  20044

16

E.   For the purposes of the compliance reporting required by this Order,

representatives of the Commission and Plaintiff are authorized to communicate

directly with Clyde DeWitt, Esq., Weston, Garrou, DeWitt & Walters, 12121

Wilshire Boulevard, Suite 900, Los Angeles, CA 90025.

## VI.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that:

### A.   CREATION

For a period of five (5) years from the date of entry of this Order, Defendants ATM

Global Systems, Inc., Mark Richman, and Nathaniel Seidman, and their successors, assigns,

officers, agents, servants, and employees, and those persons in active concert or participation

with any of them who receive actual notice of this Order by personal service or otherwise, are

hereby restrained and enjoined from failing to create the following records in connection with

the marketing, advertising, promotion, offering for sale, or sale of goods or services via

commercial email messages or other Internet-based mechanisms:

1.  Standard accounting records generated in the ordinary course of business
including, but not limited to, balance sheets, income statements, and
annual reports;

2.  Accounting records that reflect the revenue generated by sales to
individuals referred through an affiliate program and corresponding
disbursements to participants in Defendants' affiliate program on an
individual basis, including copies of the most recently deposited check for
each such participant paid by check;

17

3. Records maintained by the Defendants and that the Defendants in good faith believe accurate, reflecting: the name, physical address, and telephone number of each person employed in any capacity by such business, including as an independent contractor or affiliate; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

4. Records that reflect, for every written or oral consumer complaint or refund request received by Defendants: (1) the consumer's name, address, and telephone number; (2) the written complaint or request, if any; (3) the basis of the complaint or request; (4) the nature and result of any investigation conducted concerning the complaint or request; (5) each response and the date of such response to the complaint or request; (6) any final resolution of the complaint or request, and the date of such resolution; and (7) in the event of a denial of any resolution, the reason for the denial;

5. Copies of all information obtained, pursuant to Paragraph II, from each person who participates in Defendants' affiliate programs; and

6. All other records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, all documents obtained, created, generated or which in any way relate to the requirements, provisions, or terms of this Order, copies of signed and dated acknowledgments of receipt of this Order, required by Paragraphs II

18

and VII of this Order, and all reports submitted to the Commission pursuant to this Order.

## VII. RETENTION

For a period of eight (8) years from the date of entry of this Order, Defendants and their successors, assigns, officers, agents, servants, and employees, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to retain the records created pursuant to VI.A. above.

## VIII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of this Order as directed below:

A.    **Corporate Defendant**: Defendant ATM Global Systems, Inc. must deliver a copy of this Order to all of its principals, officers, directors, managers, and members. It also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.    **Individual Defendant as Control Person:** For any business that Defendants Mark Richman or Nathaniel Seidman control, directly or indirectly, or in which he has majority ownership interest in, the Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business if such business utilizes commercial e-mail or another Internet-based mechanism to

19

market its goods or services. Defendants Mark Richman or Nathaniel Seidman must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon the Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.   **Individual Defendant as employee or non-control person:** For any business where Defendants Mark Richman or Nathaniel Seidman are not a controlling person of a business but otherwise engage in conduct related to the subject matter of this Order, the Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D   Defendants must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Section.

## IX.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X. FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XI. SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and

severable from one another. If any provision is stayed or determined to be invalid, the remaining

provisions shall remain in full force and effect.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**JUDGEMENT IS THEREFORE ENTERED** in favor of Plaintiff and against

Defendants, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED,** this _8th_ day of _May_, 2008.

_____
United States District Court Judge

The parties by their respective counsel, hereby consent to the terms and conditions of this

Stipulated Order as set forth above and consent to the entry thereof.

FOR PLAINTIFF:
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
Civil Division
U.S. Department of Justice

PATRICK FITZGERALD
United States Attorney
Northern District of Illinois

21

DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn, 5th Floor
Chicago, IL 60604

EUGENE M. THIROLF
Director,
KENNETH L. JOST
Deputy Director,
Office of Consumer Litigation

_____          4/22/08
JOHN W. BURKE                             Dated
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 353-2001 [Telephone]
(202) 514-8742 [Facsimile]
josh.burke@usdoj.gov [email]


OF COUNSEL:

STEVEN M. WERNIKOFF
MARISSA J. REICH
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(312) 960-5634 [Telephone]
(312) 960-5600 [Facsimile]

22

FOR DEFENDANTS:

_____    1-18-08
                             Dated

On behalf of Defendant ATM Global

_____    1-17-08
MARK RICHMAN                 Dated

_____    1/17/08
NATHANIEL SEIDMAN            Dated

_____    _____
Clyde DeWitt                 Dated
Weston, Garrou, DeWitt & Walters
12121 Wilshire Boulevard
Suite 900
Los Angeles, CA 90025-1176
Telephone: (310) 571-2710
Facsimile: (310) 442-0730

23

## REASONS FOR SETTLEMENT

This statement accompanies the Stipulated Final Judgment for Civil Penalties and Permanent Injunctive Relief ("Final Order") executed by defendants ATM Global Systems, Inc., Mark Richman, and Nathaniel Seidman in settlement of an action brought to recover civil penalties and other equitable relief from these defendants for engaging in acts or practices in violation of the CAN-SPAM Act, 15 U.S.C. § 7701, *et seq.*

Pursuant to Section 5(m)(3) of the Federal Trade Commission Act, as amended (15 U.S.C. § 45(m)(3)), the Commission hereby sets forth its reasons for settlement by entry of a Final Order:

The Final Order enters a civil penalty judgment in the amount of $442,900, which will be suspended upon payment of $75,000. The required payment of funds and order injunctive provisions should assure compliance with the law by defendants and others who engage in practices covered by the CAN-SPAM Act. With the entry of such Final Order the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by entry of the attached Final Order with defendants ATM Global Systems, Inc., Mark Richman, and Nathaniel Seidman is justified and well within the public interest.

**EXHIBIT B**